**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 22 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID NOLAND,

          Petitioner-Appellant,

    v.

COLORADO DEPARTMENT OF
CORRECTIONS, and ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

          Respondents-Appellees.

No. 04-1099

Dist. of Colo.

(D.C. No. 03-Z-2624)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**   *

---

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.   **

---

    Petitioner-Appellant David Noland, a state prisoner appearing pro se, seeks

a certificate of appealablility (COA) to appeal the denial of his petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254 (2000). He also appeals the denial of

---

    * This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

    ** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

his motion to file his petition and appeal *in forma pauperis* (IFP), pursuant to 28 U.S.C. § 1915 (Supp. 2004).

## Background

On May 12, 1998, police arrested Noland for possession of a controlled substance. This arrest occurred while Noland was on parole from a Boulder county conviction for possession and sale of a controlled substance. After waiving a preliminary hearing in the Denver District Court, refusing counsel from the Office of the Public Defender, pleading not guilty, and hiring private counsel, Noland eventually pled guilty to possession of cocaine on October 19, 1998. He received a six-year sentence to be served concurrently with the remaining time on his Boulder sentence.

Noland did not directly appeal his conviction, but he did file a pro se motion in the Denver District Court for a new trial on June 7, 2000, a motion for disposition on September 14, 2000, and a petition for a writ of habeas corpus on January 17, 2001. All three filings were consolidated and considered as a single post-conviction motion under Colo. R. Civ. P. 35(c). The Denver District Court denied the motion. The Colorado Court of Appeals affirmed,[1] and the Colorado Supreme Court denied certiori.

---

[1] The appellate court also remanded the case for correction of the mittimus to include a mandatory three years parole on Noland's sentence.

Noland then filed a petition for a writ of habeas corpus and sought to proceed IFP in the Colorado federal district court. The district court denied his petition as untimely filed. The district court also denied Noland's COA and request to proceed IFP. We agree with the district court that Noland's petition was untimely filed and, as a result, we deny a COA and his request to proceed IFP and dismiss the appeal.

## Analysis

This court may issue a COA and hear Noland's appeal only if he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). To make this showing, Noland "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Our role is not to engage in a "full consideration of the factual or legal bases adduced in support of the claims," but rather to simply conduct "an overview of the claims in the habeas petition and a general assessment of their merits." *Id*.

Additionally, in cases such as this where the petitioner's federal habeas claims were adjudicated on the merits in state court, Congress has instructed that we may grant habeas relief only where the state court decision was "contrary to,

or involved an unreasonable application of, clearly established Federal law" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (2000). We have recently held that this standard of deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for a COA. *See Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

In applying these standards, we have reviewed the district court's orders along with the entire record, and for substantially the same reasons as set forth by the district court, which we outline below, we find Noland has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

Pursuant to 28 U.S.C. § 2244(d), petitions for a writ of habeas corpus like the one filed by Noland must be filed within one year from the date the state court judgment becomes final, which, for purposes of this case, occurs when the exhaustion of all direct review or when the time for seeking direct review expires. Noland's conviction became final on December 3, 1998 because he failed to file a direct appeal within forty-five days of the date the trial court entered judgment against him. Pursuant to 28 U.S.C. § 2244(d), then, Noland had until December 3, 1999 to file his habeas petition. However, if Noland filed a post-conviction

proceeding before that date, the one-year limitations period would commence on the date those post-conviction proceedings concluded.

The earliest post-conviction proceeding Noland filed was a motion for a new trial on June 7, 2000. However, this motion came well after the one-year limitations period had expired. Thus, this motion did not change the date upon which Noland was required to file his habeas petition. Because Noland did not file his habeas petition until December 24, 2003, more than three years after the one-year limitations period expired, his petition is time-barred.

Accordingly, we DENY COA, DENY the motion to proceed IFP, and DISMISS the appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge